IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STUART A. SARSHIK,

     Plaintiff,

     v.                                  CIV. No. 11-927 WPJ/ACT

CORRECTIONAL MEDICAL
SERVICES, INC.,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff Stuart A. Sarshik's Motion to

Compel Discovery [Doc. 45].  The Court, having reviewed the Motion to Compel and Defendant

Correctional Medical Services, Inc.'s  Response  [Doc. 47] and Declarations [Doc. 48 and 49], as

well as the relevant law, will grant the motion in part and deny the motion in part.

I.  Background

Plaintiff Stuart A. Sarshik ("Plaintiff") filed his Complaint against Correctional Medical

Services, Inc. ("CMS" or "Defendant") on June 28, 2011.  His Complaint alleges five causes of

action.  Count I alleges a wrongful discharge claim against CMS.  He alleges that he was

discharged based on his complaints about the competence of Dr. Patrick Arnold, the CMS

Medical Director, as well as complaints about CMS's failure to provide adequate medical care.

Count II alleges a claim under the New Mexico Whistleblower Protection Act, NMSA 1978, §

10-16C-1 et seq., alleging that Plaintiff made a good faith complaint of unlawful action and

improper acts.  Count III alleges a claim of prima facie tort.  Count VI alleges a claim for breach

of contract. Count V alleges a claim for intentional infliction of emotional distress.

On November 1, 2011 Plaintiff filed Certificates of Service regarding Plaintiff's first set

of interrogatories and Plaintiff's first request for production. [Doc. 25 and 26.] On December 2,

2011, Defendant filed a Certificate of Service indicating it had responded to the interrogatories

and requests for production. [Doc. 37.] On December 27, 2011, Plaintiff filed his Motion to

Compel. [Doc. 45.] On January 13, 2012, Defendant filed its "Opposition to Motion to

Compel" [Doc. 47] and supporting Declarations [Doc. 48 & 49]. Plaintiff did not file a Reply.

II.     Movant must make a good faith attempt to resolve discovery disputes prior to
        filing the Motion to Compel.

Although Plaintiff's counsel asserts in his Motion to Compel that he "made a good faith

effort" to resolve the discovery dispute relating to Defendant's discovery responses, [Doc. 45-1],

Plaintiff's counsel is simply reciting the required "good faith request" as mandated in

Fed.R.Civ.P. 37 (a)(1) and D.N.M.LR-Civ. 7.1(a) rather than demonstrating compliance. He

states that he communicated with opposing counsel "via email on Friday, December 23, 2011 so

as to address and resolve this discovery dispute." What counsel for Plaintiff does not say is that

his good faith effort consisted of sending the following email at 10:00 a.m. on December 23,

2011.

> This is a good faith attempt to resolve a discovery dispute. I believe that CMS
> interposed numerous inappropriate objections when responding to interrogatories
> and requests for production of documents. Please let me know whether you will
> agree to withdraw your objections. If not, I will file a motion to compel later
> today (by approximately 2 p.m. EST) [4 hours later]. Of course, please call me if
> you would like to discuss this issue. I would much prefer to discuss these issues
> and resolve them amicably than have to burden the Court with an unnecessary
> discovery motion.

[Doc. 49, Washko Dec. at ¶ 11, Ex. 3, .] Likewise, counsel for Plaintiff did not advise the Court

that he received an immediate email response that Defendant's counsel was out of the office

until December 29, 2011. [Doc. 47 at p. 4.] Plaintiff's counsel filed his Motion to Compel the

next business day, Tuesday, December 27, 2011 without any further attempt to contact counsel

for Defendant.

Counsel for Plaintiff failed to comply with both the letter and the spirit of Federal Rules

of Civil Procedure and District of New Mexico Local Rules before filing Plaintiff's Motion to

Compel. No self respecting and serious member of any federal bar would even attempt to argue

with a straight face that counsel for Plaintiff's email came within arms length of "conferring in

good faith." *See, e.g., Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003)(to

confer means more than making a demand for compliance; it means "to hold a conference;

compare views; consult together.") Although counsel for Plaintiff says that he "would much

prefer to discuss these issues and resolve them amicably than have to burden the Court with an

unnecessary discovery motion," his actions demonstrate nothing could be further from the truth.

There is nothing in the record to suggest counsel for Plaintiff made any additional effort to

resolve this dispute. As noted, the record indicates counsel for Plaintiff received an immediate

response from Defendant's counsel that she was out of the office until December 29, 2011 [Doc.

49 at Ex. 4.] Rather than wait for Defendant's counsel's return so that he could in fact confer in

good faith, counsel for Plaintiff filed Plaintiff's Motion to Compel on December 27, 2011.

Counsel for Plaintiff also failed to comply with the District of New Mexico Local Rules

in another respect. He attached a copy of Defendants' responses to *all the discovery requests*,

not just the discovery responses that are the subject of his Motion to Compel. The Court does

not need, nor do the Local Civil Rules require that, all discovery requests and responses be filed

with the Court. The Local Civil Rules require only that the party seeking relief attach a copy of

the disputed discovery request and the response and objection thereto. *See* D.N.M.LR-Civ. 37.1.

The failure of Plaintiff's counsel to comply with the Federal Rules of Civil Procedure

and the Local Rules of Civil Procedure for the District of New Mexico would justify an

immediate denial of Plaintiff's Motion so as "not to burden the Court with an unnecessary

discovery motion." However, the Court will review the merits of the Motion to Compel and

warns counsel for Plaintiff that any future failures to comply with the Federal Rules of Civil

Procedure, the Local Rules of Civil Procedure or the Orders of this Court will result in sanctions

which could include a recommendation that some or all of Plaintiff's claims be dismissed.[1]

III.   Defendant's Responses to Plaintiff's Discovery requests.

The conduct of counsel for Defendant in responding to the discovery requests at issue is

also subject to admonitions from the Court. Boilerplate, blanket objections are improper. *See*

*Oleson v. K-mart Corp.,* 175 F.R.D. 570, 571 (D. Kan. 1997). A "proper" objection is one that

is tailored to the individual discovery request, not a conclusory objection such as "vague,"

"ambiguous," "overbroad" or "unduly burdensome" which neglects to say why the discovery

---

[1] Counsel for Plaintiff also failed to comply with this Court's Order. Paragraph four of this Court's Initial Scheduling Order [Doc. 21] reads as follows:

> Counsel are required to comply with the Local Civil Rules of the
> United States District of New Mexico as well as the Federal Rules
> of Civil Procedure. Civility and professionalism will be required
> of counsel, and counsel must comply with "A Creed of
> Professionalism of the New Mexico Bench and Bar" (which can be
> found in the State Bar of New Mexico Bench and Bar Directory).

The Creed of Professionalism states that lawyers "will attempt to resolve, by agreement, [his or her] objections to matters contained in [his or her] pleadings and discovery requests. " A copy of the Creed of Professionalism of the New Mexico Bench and Bar is attached to this Memorandum Opinion and Order.

request is subject to that objection. [2]  The Defendant generally responded to discovery requests

after stating an objection.  This is also not a recommended practice.  The Court would point out

to Defendant's counsel that making an objection and then responding to the interrogatory may

waive the objection.  *See* 8B C.A. Wright, A.R. Miller & R. L. Marcus Federal Practice and

Procedure §2173 (3rd ed. 2010).  Nevertheless, the Court will ignore Defendant's boilerplate

objections unless they are on point and rule on the more specific objections even if the

Defendant has already responded.

Finally, the Court would note that Defendant has asserted the attorney client and

executive and peer review privileges in response to some of the discovery requests and states

that it will provide "an appropriate privilege log" [3] but there is no indication that counsel for

Defendant did in fact provide a privilege log. A party may not simply assert a blanket objection

based on attorney client privilege or other privileges, or the work product doctrine.  As has been

the law in this circuit for almost 30 years, the party asserting a privilege or work product

protection must prepare a privilege log identifying the documents, the authors, the recipients, the

subject matter, and the nature of the privilege asserted.  *Peat, Marwick, Mitchell & West,* 748

F.2d 540, 542 (10th Cir. 1984)(the party interposing an objection has the burden of establishing

its claim of privilege or protection; a bald-faced assertion is insufficient); *Barclaysamerican*

*Corp. v. Kane*,  746 F.2d 653, 656 (10th Cir. 1984).  Where appropriate the Court has ruled that

Defendant must provide or supplement a privilege log if it has not already done so.

---

[2] The Court can't help but note that while counsel for Plaintiff criticizes Defendant's use of  "blanket objections" (and rightly so) Plaintiff's responses to Defendant's written discovery contain three pages of introductory general objections and many of the same "blanket objections" Plaintiff complains about in this Motion. [Doc. 55 at pp. 4-5;Doc. 55-1 and 55-2]

[3] *See,* e.g., Interrogatory No. 12, Interrogatory No. 17 and Request for Production No. 67.

The Court will now address the discovery responses.

IV.   Interrogatories.

Plaintiff seeks to compel responses to Interrogatories Nos. 2, 5, 12, 14, 17, 18, and 19.

**Interrogatory # 2**.  Describe in detail Defendant's organizational structure since January 2005, including but not limited to, the management structure, the reporting structure for each office and facility, including but not limited to New Mexico, Missouri, and Maryland, and any changes following the merger in 2011.

Defendant objected to Interrogatory No. 2 on the grounds that Plaintiff was only employed by Defendant from February 2011 to April 2012 in New Mexico.  Defendant also states it has provided over 1150 pages of documents including detailed information about its structure, positions and job duties.  It did produce an organizational chart for the New Mexico Region as of April 2011 and represents it will produce a similar chart for St. Louis, Missouri, from which the decision to terminate the Plaintiff was sent. [Doc. 47 at p. 7-10.]

Ruling: Defendant's Response is sufficient providing it produces the organizational chart for St Louis, Missouri.

**Interrogatory # 5**.  Identify all physicians that have performed services for Defendant, as an employee and/or independent contractor, in the State of New Mexico since January 2007, and describe in detail the services that each performed.

Defendant objects that "[i]dentifying physicians who may have provided services prior to and after the time that Plaintiff worked for Defendant would not support any allegation by Plaintiff that he reported illegal activity and was terminated as a result." [Doc. 45-6.]  Defendant further objected to this Interrogatory on the grounds that it would require Defendant to violate the Health Information Portability and Accountability Act (HIPPA).  Without waiving these objections Defendant provided a list of the Site Medical Directors for CMS in New Mexico during the period February 2011 to April 2011.

Ruling: Defendant is to supplement its response by providing the names of all doctors who were employed by or contracted with its correctional facilities in the State of New Mexico during the period February 2011 to April 2011.

**Interrogatory # 12.**  Identify and describe in detail the following:

a.  All communication by or among Defendant's employees concerning Plaintiff's termination and/or this lawsuit.

b.  All communications by or among Defendant's employees and independent contractors concerning Plaintiff's termination and/or this lawsuit.

c.  All communications by or among Defendant and NMCD concerning Plaintiff's termination and/or this lawsuit.

d.  All communications by or among Defendant's employees and any other person(s) concerning Plaintiff's termination and/or this lawsuit.

Defendant objects to this Interrogatory on the grounds "that it seeks the disclosure of information protected by the attorney client privilege and/or the work product doctrine." [Doc. 45-6.]

For its answer, Defendant listed various communications between doctors and CMS personnel regarding the decision to terminate Plaintiff and also referred the Plaintiff to various documents it had produced.

Ruling:  Defendant's response is sufficient.  However, Defendant is ordered to provide a privilege log regarding any communication it claims are privileged or subject to the work product doctrine if it has not already done so.  The privilege log must contain the following information: the specific privilege asserted, the date of origin, the author of origin; the identity of all recipients of the document; and a description of the contents of the document in sufficient detail to reveal why it is subject to the asserted privilege or work product doctrine.

**Interrogatory # 14.**  Describe in detail any reports, complaints, allegations,

discussions, or other communications (of any kind or degree, whether written or oral) received by Defendant from any person (i.e., employees, independent contractors, and inmates) concerning any alleged wrongdoing, malpractice, improper patient care, or inappropriate or unlawful conduct on the part of Arnold or physicians or other healthcare workers under Arnold's supervision since January 2005.

Defendant objected to Interrogatory No. 14 on the grounds that included "unduly broad and unduly burdensome and seeks information that is not relevant to any claims or defenses and not designed to lead to the discovery of admissible evidence." In this instance the objections, although general, are on point.

Ruling:   The Court agrees this discovery request is overly broad and unduly burdensome. There is no reason Plaintiff needs the requested information from January 2005 to the present. Defendant will respond by limiting its response to the period February 2011 to April 2011 and need not include routine inmate requests for medical care.

**Interrogatory #17**. Describe in detail any investigation conducted by Defendant and/or any person or persons concerning any complaints made by Plaintiff or the allegations set forth in the Complaint.

Defendant objected "on the grounds that [Interrogatory 17] seeks information protected from disclosure by the attorney client privilege and/or the work product doctrine." Without waiving these objections, Defendant referred the Plaintiff to Defendant's response to Interrogatory Nos. 15 and 16 "which are incorporated herein by reference." Defendant's answers to Interrogatory Nos. 15 and 16 refer to complaints Plaintiff made to Defendant regarding Dr. Arnold. Defendant claims the only investigation regarding Plaintiff's allegations occurred after it received Defendant's Complaint.

Ruling:   Defendant's objections are sustained. However, Defendant is to proved a privilege log with respect to any documents it claims are privileged or subject to the work

product doctrine.

> **Interrogatory No. 18.**  Identify each and every document which Defendant contends relates to Plaintiff's employment and/or this lawsuit.  For each document, identify where such document was generated, filed, and/or maintained by Defendant, and state specifically whether any documents are maintained by Defendant in the State of New Mexico.

Defendant objected on the grounds that this interrogatory seeks attorney/client privileged communications or work product.  Defendant goes on to refer Plaintiff to documents identified or produced in its Rule 26(a)(1) disclosures and documents produced in response to Plaintiff's First Request for Production without identifying specific documents which were being produced as "Tabs A through M."   Because this interrogatory is more in the nature of a request for production , Defendant's verification to its discovery responses expressly does not apply to its response to Interrogatory No. 18.

Ruling:   Defendant's response is sufficient.  However, the Court would remind Defendant of its disclosure requirements under Fed.R.Civ.P. 26(a)(1) and (3) in connection with its responses to both Interrogatory No. 17 and Interrogatory No. 18.

> **Interrogatory No. 19.**   Identify all persons from whom you have obtained or will obtain a written or oral report, statement (as defined by Fed.R.Civ.P. 26), memorandum, affidavit, declaration or testimony which refers, records or relates to the allegations contained in the Complaint, and identify the date, nature and substance of such written or oral report, statement, memoranda, affidavit, declaration or testimony.

Defendant objected to Interrogatory No. 19 on the ground that any such documents are subject to the attorney client privilege or work product doctrine.  Defendant also states it has no written statements and the only declarations are those filed with the Court.

Ruling:   Defendant will supplement its response to this Interrogatory by providing a privilege log regarding any documents responsive to this Interrogatory it claims are privileged or

subject to the attorney work product doctrine.

V.   Requests for Production.

Plaintiff seeks to compel responses to Request for Production ("RFP") Nos. 3-5, 8-14, 22-25, 28-39, 42-42, 47-53 58-61.  The Court will not set forth the specific requests or Defendant objections due to the number of requests at issue. [4]  Instead the Court will indicate its ruling with respect to each individual request for production at issue.

**RFP No. 3.**   Defendant's response is sufficient.

**RFP No. 4 and 5**.  The New Mexico Whistleblower Protection Act, NMSA 1978 § 10-16C pertains to public employers.  Plaintiff has alleged in ¶ 6 and 7 of his Complaint [Doc. 1] that Defendant is a private for-profit corporation with its principal place of business in St. Louis, Missouri.  Plaintiff alleges in ¶ 10 of his Complaint that by virtue of its contracts with the New Mexico Corrections Department, the Defendant "receives public funding from the State of New Mexico and functions as an instrumentality of the state." [Doc. 1.] Plaintiff appears to be arguing that by receiving state funds, Defendant is a "public employer."  Defendant states that it has provided Plaintiff with the contract between it and the New Mexico Corrections Department and that the contract documents "contain detailed information regarding the funds receive(d) from the NMCD. " [Doc. 45-7 at p. 5 and Doc. 47 at p. 11.]  Defendant's response is sufficient.

**RFP No. 6 and 7**.  Defendant's objections to these requests are sustained and no further response is required.

**RFP No. 8**.  Defendant provided medical services to at least eight correctional institutions in New Mexico in 2011 which at any given time housed between 6,000-7,000

---

[4]A copy of Defendant's responses to Plaintiff's First Request for Production of Documents can be found at Doc. 45-7.

inmates. [Doc. 45-6, Answer to Interrogatory No. 5; Doc. 47 at p.20]  The Court knows that

inmates at correctional facilities make charges or complaints about medical or pharmaceutical

care on a daily basis.  It would be unduly burdensome for Defendant to provide "all documents

concerning lawsuits, charges and/or complaints related to medical or pharmaceutical care" since

January 2007. Therefore, the Court will limit this request in time and scope.  Defendant is to

supplement its response to this request for production by providing a list of all lawsuits relating

to medical or pharmaceutical care provided by Defendant at any of its New Mexico Correctional

facilities for the period January 2009 to December 2011.

**RFP No. 9**.   Defendant's objections to this request for production are sustained and no

further response is required.

**RFP No. 10 and 11**.  Defendant has responded to these requests for production by

providing a copy of Dr. Arnold's resume.  Defendant is to supplement its response by providing

a listing of any medical malpractice claims or lawsuits of which it was aware when it hired Dr.

Arnold or which were made or filed after he became an employee up to the present date.

Defendant is also to disclose Dr. Arnold's annual compensation for the year 2011.  This

information will be subject to a Protective Order to be entered by the Court.

**RFP No. 12 and 13**.   Defendant's objections to these requests are sustained and no

further response is required.

**RFP No. 14**.  Defendant referred its responses to RFP No. 4 and 5.  Defendant stated in

its response to RFP No. 4 and 5 that it has produced the contract between it and the New Mexico

Corrections Department in effect for the year 2011 and incorporated that response for this RFP.

Defendant need not provide a further response to RFP No. 14.

**RFP No. 22**.  Defendant stated only general "boilerplate" objections which are overruled.

However, to be consistent, the Court will limit Defendant's required response to the relevant time period.   Defendant will respond to this request by providing copies of any written training materials or other documents it provided to its employees regarding the provision of medical care for the years 2010 and 2011.

**RFP No. 23 and 24**.   Defendant will produce the documents it has agreed to produce in its response to these RFPs subject to a Protective Order to be entered by the Court.

**RFP No. 25**.   Defendant's objections to this request are sustained and no further response is required.

**RFP No. 28, 29, 30 and 31**.  Defendant will supplement its response to these RFPs by providing a privilege log for any documents not produced which it claims are privileged or subject to HIPPA regulations.

**RFP No. 32**.   Defendant's response is sufficient.  However, it must provide a privilege log regarding any documents it claims are privileged or subject to the work product doctrine if it has not already done so.

**RFP No. 33**.  Defendant will supplement its response to this RFP by disclosing Dr. Arnold's annual salary for 2011 as indicated in the Court's ruling on RFP Nos. 10 and 11.

**RFP No. 34**.  Defendant's response to this request is sufficient.

**RFP Nos. 35, 36, 37, 38, and 39**.   Defendant's responses to these requests are sufficient.

**RFP Nos. 42 and 43**.  Defendant's responses to these requests are sufficient.

**RFP No. 47**.   Defendant's response is sufficient.

**RFP Nos. 48, 49, 50, and 51**.  Defendant's responses to these RFPs are sufficient. However, Defendant is to provide a privilege log regarding any documents it claims are subject to the attorney client privilege or the work product doctrine.

**RFP Nos. 52 and 53**. Defendant's objections to these RFPs are sustained.

**RFP No. 58** . Defendant's objections to this RFP are sustained.

**RFP No. 59** .   Defendant will respond to this RFP by providing the documents requested in subparagraphs a, b, c, d and e for the years 2010 - 2011 subject to the Protective Order to be entered by the Court.

**RFP No. 60**. Defendant's objection to this RFP is sustained.

**RFP No. 61**. Defendant's objections to this RFP are sustained.

VI.     Future Motion Practice.

In the future, every opposed motion in this case must set out the steps taken by the movant to reach concurrence before filing the motion.  This entails more than an e-mail or a phone call to inquire whether a motion will be opposed; the parties are expected to meet face to face or, if that is not possible, spend some time discussing the areas of dispute in a telephonic conference.  The moving party must state the date, time, and person(s) contacted and the efforts made to narrow the issues for the Court.  If the opposed motion does not contain this recitation, the motion may be summarily denied.

VII.    Protective Order.

Counsel are to submit a proposed Protective Order to the Court within ten (10) calender days following the entry of this Memorandum Opinion and Order.  If counsel can not agree on the form of a Protective Order, each party is to submit a proposed Protective Order and the Court will decide which form of Protective Order to enter and whether any modifications are necessary.

VIII.   Conclusion

Plaintiff's Motion to Compel is granted in part and denied in part.  Defendant must

supplement its responses to the Interrogatories and Requests for Production as set forth above

within thirty (30) calender days following the entry of this Memorandum Opinion and Order.

      **IT IS SO ORDERED.**


                  Alan C. Torgerson
                  United States Magistrate Judge