IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STUART A. SARSHIK,

    Plaintiff,

    v.                                            CIV. No. 11-927 WPJ/ACT

CORRECTIONAL MEDICAL
SERVICES, INC.,

    Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Plaintiff Stuart A. Sarshik's Motion to Quash Subpoenas and Motion for Entry of Protective Order filed January 24, 2012 [Doc. 53] and Defendant Correctional Medical Services, Inc.'s ("CMS" or "Defendant") Response in Opposition to Plaintiff's Motion to Quash Subpoenas and Motion for Entry of Protective Order filed February 10, 2012  [Doc. 55].  The Court has reviewed the Motion and Response as well as the relevant rules of civil procedure and case law.  The Motion will be denied.

I. <u>Background</u>

On December 29, 2011, a paralegal from CMS's law firm sent Plaintiff's counsel an e-mail with an attached Notice of Intent to Serve Subpoenas ("Notice"). [Doc. 53-2, Declaration of Jonathan Landesman and attached exhibits.] The Notice identified the entities to be served and stated that they would be served five business days after December 29, 2011.  All of the entities were employers listed by Plaintiff on his resume and/or prospective employers identified by Plaintiff in his interrogatory responses. [ Doc. 55-1, Interrogatory Answers Nos. 6, 13, 15 and 20; Doc. 53-9.]  On January 5, 2012, seven days after receiving the Notice, Plaintiff's counsel

objected to the subpoenas by letter, arguing that the Notice did not conform to the Federal Rules

of Civil Procedure because Defendant did not attach the subpoenas themselves.  [Doc. 53-2,

Declaration of Jonathan Landesman and attached exhibits.]   Plaintiff's counsel also objected

because it appeared Defendant failed to "comply with Rule 45(a)'s requirements about issuance

of subpoenas outside the district court's geographic scope." [1] Plaintiff's counsel's final argument

is that the proposed subpoenas seek documents that could "have no possible relevance". . . [and]

that they have the sole, improper purpose of harassing, embarrassing and annoying Plaintiff, and

tortiously interfering with Plaintiff's current and future livelihood." [*Id.*]

On January 9, 2012, Defendant's counsel responded to Plaintiff's counsel's letter and

addressed each of Plaintiff's objections and attached copies of the seven issued subpoenas *duces*

*tecum* which identified the various courts. [*Id.*] The subpoenas directed a production date of

February 1, 2012.  The subpoenas were sent to the following entities and issued by different

federal courts: (1) Allegan, Inc., subpoena issued by the United States District Court for the

Central District of  California, (2) Aetna, Inc., subpoena issued by the United States District

Court for the District of  Connecticut, (3) Bristol-Myers Squibb, subpoena issued by the United

States District Court for the Southern District of New York, (4) Correctional Medical Care,

subpoena issued by the United States District Court for the Eastern District of Pennsylvania, (5)

Jefferson Hospital, subpoena issued by the United States District Court for the Eastern District of

Pennsylvania, (6) Pennsylvania State University in University Park, subpoena issued by the

United States District Court for the Middle District of Pennsylvania, and (7) the University of

---

[1] At the time counsel for Plaintiff sent the letter objecting to the subpoena he did not have copies of the subpoenas and the Notice only identified the entities to be served and not the Courts issuing the subpoenas.

New Mexico,  subpoena issued by the United States District Court for the District New Mexico.

[*Id.*]

Plaintiff filed his Motion to Quash on January 23, 2012, two weeks after service of the

subpoenas and approximately one week before any of the subpoenaed entities were required to

produce the documents.  Plaintiff seeks to quash all seven subpoenas.  The subpoenas are similar

in content.  The subpoena issued by this Court asks the University of New Mexico to produce the

following:

> Please produce a complete copy of any and all records and documents in your
> possession, custody or control concerning the employment of Stuart Sarshik, MD
> (SSN: REDACTED; DOB: 6/5/1950) and/or your consideration of Dr. Sarshik for
> employment, including but not limited to employment applications and resumes,
> interview records, offer letters, e-mail exchanges with and/or about Dr. Sarshik
> concerning his employment or potential employment, denial of employment, job
> description(s) of duties, pay and benefits related to position(s) applied for and/or
> held, background check documentation, reference contacts and documentation,
> forms, and all other documents regarding his potential employment with your
> company.

[Doc. 53-8, p. 9 of  9.] The subpoena for the United States District Court in the Central District

of California asks for the same information.  The subpoenas issued by the United States District

Courts in the District of Connecticut, the Southern District of New York, the Eastern District of

Pennsylvania, and the Middle District of Pennsylvania ask for the following:

> Please produce a complete copy of any and all records and documents in your
> possession, custody or control concerning the employment of Stuart Sarshik, MD
> (SSN: REDACTED; DOB: 6/5/1950) and/or your consideration of Dr. Sarshik for
> employment, including but not limited to employment applications and resumes,
> interview records, offer letters, e-mail exchanges with and/or about Dr. Sarshik
> concerning his employment or potential employment, denial of employment, job
> descriptions(s) of duties, pay and benefits related to position(s) applied for and/or
> held, background check documentation, reference contacts and documentation,
> forms, performance reviews, correspondence, wage and benefit information,
> payroll, W-2's, time records, complaints by or about Dr. Sarshik and records
> relating to the investigation of any such complaints, and all other documents
> regarding his employment and/or separation from employment with your

company.

II.   <u>Request to quash all subpoenas.</u>

Plaintiff's Motion to Quash is fraught with mis-statements, inaccuracies, and a shocking ignorance of the law.  First and foremost, this Court has jurisdiction only with respect to the subpoena issued by this Court to the University of New Mexico.   Fed.R.Civ.P. 45 (c)(3)(A) provides that a subpoena may be quashed "[o]n timely motion" *by the issuing court*.   "Courts have uniformly held that only the issuing court has the authority to quash or modify a subpoena... ."  *Rajala v. Mcguire Woods, LLP,* 2010 WL 4683979, * 5, 7 (D.Kan. 2010)(unpublished).[2]  Accordingly, this Court lacks jurisdiction to rule on subpoenas issued from other federal courts.  Therefore, the Court will deny the Motion to Quash as it relates to the subpoenas issued by the other five courts identified in the subpoenas and will address only Plaintiff's arguments as they relate to the subpoena issued by this Court to the University of New Mexico.

Plaintiff first argues that the subpoena should be quashed because Defendant failed to satisfy Rule 45(b)(1) by failing to "serve the actual subpoena or to identity the actual documents being sought." [Doc. 53 at p.6]  Rule 45(b)(1) states that when a subpoena commands the production of documents, "before it is served , a notice must be served on each party."   The purpose of notice is to provide the opposing party an "opportunity to object" to the subpoena. *Butler v. Biocore Med. Techs., Inc.,* 348 F.3d 1163, 1173 (10th Cir. 2003).   There is nothing in

_____

[2]*See, e.g., In re Sealed Case,* 141 F.3d 337, 341 (D.C.Cir.1998) ("[O]nly the issuing court has the power to act on its subpoenas ... and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *Jennings v. Short–Elliott–Hendrickson, Inc.*, No. 05–cv–01056–LTB–MEH, 2007 WL 2045497, at *1 (D.Colo. July 10, 2007) ("Pursuant to Fed.R.Civ.P. 45(c)(3)(A), only the court by which a subpoena was issued may quash or modify a subpoena.").

the rules nor the case law cited by the Plaintiff that supports his assertion that Defendant was required to send the actual subpoenas along with the Notice. [3]

Defendant's Notice was sent to Plaintiff on December 29, 2011 and received by Plaintiff 12 days prior to the subpoenas actually being served.  On January 5, 2012, Plaintiff objected to Defendant's counsel's Notice of Intent to serve Subpoenas on the *same grounds* he now asserts in his Motion to Quash. [Doc. 53-2 at Ex. 2.] After the subpoenas were issued and Plaintiff received copies of the actual subpoenas he filed his Motion to Quash on January 24, 2012 , eight days prior to the production date of February 1, 2012 ordered in the subpoena.

Defendant did not violate Fed.R.Civ.P. 45.   Plaintiff was not only given ample notice and opportunity to object to the subpoenas he *did* object to them.  Furthermore, he filed his Motion to Quash in this Court well before the documents were to be produced.  It is unknown whether Plaintiff filed similar motions in any other Court issuing a subpoena but he had the opportunity and time to do so.

Plaintiff's second argument offered in support of his Motion to Quash is that the subpoena seeks irrelevant documents.  Plaintiff has sued Defendant for, among other claims, wrongful discharge and intentional infliction of emotional distress. He is seeking backpay, frontpay and compensatory damages, including damages for emotional distress and loss or diminution of reputation from termination.[4]   Plaintiff has placed his employment, earnings history,  professional credentials and reputation directly at issue in this case.  His claims allow discovery into his past and current employment including his earnings, reputation, malpractice

---

[3]As Defendant correctly notes, the cases cited by Plaintiff do not stand for the proposition that the Notice has to be in a particular form. [Doc. 55 at p.7.]

[4]Plaintiff's Answer to Interrogatory No. 11. [Doc. 55-1, p. 15.]

claims made against him, disciplinary action taken against him and the reason for leaving each place of employment.  *See, e.g., Shirazi v. Childtime Learning Center, Inc.,* 2008 WL 4792694 (W.D. Okla. Oct. 31, 2008)(unpublished).

Plaintiff's Motion to Quash Subpoenas as it relates to the subpoena issued by this Court to the University of New Mexico will be denied.

III.    Request for Protective Order.

Plaintiff also requests a Protective Order.  Plaintiff has standing to challenge the subpoena issued to a third party since he has a personal right in the information sought.  *Shirazi v. Childtime Learning Center, Inc.*, 2008 WL 4792694 at * 1(W.D.Okla. Oct. 31, 2008)(unpublished).   Motions for protective order, as opposed to motions to quash or modify subpoenas, are governed by Federal Rule of Civil Procedure 26(c). Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."  It further provides that "[t]he court may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" (emphasis added) and that such an order may forbid the discovery, specify the terms under which the discovery may be had, or prescribe a different method of discovery than the one selected by the party seeking the discovery.  *Rajala v. McGuire Woods, LLP*  2010 WL 4683979, 3 (D.Kan. 2010).

As discussed above, Defendant seeks documents relevant to Plaintiff's claims and damages.  Plaintiff has not shown the requisite "good cause" which would entitle him to a protective order precluding discovery of the information that is being sought by Defendant. However, Plaintiff may request, if appropriate, that certain categories of information obtained pursuant to the subpoenas be covered under the general Protective Order that the Court will enter

6

in this case.[5]

THEREFORE,  Plaintiff's Motion to Quash Subpoenas and Motion for Entry of

Protective Order [Doc. 53] is DENIED.

**IT IS SO ORDERED**.

Alan C. Torgerson
United States Magistrate Judge

_____

[5] *See* Court's Memorandum Opinion and order of this date [Doc. 66].