IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STUART A. SARSHIK,

    Plaintiff,

    v.                                              CIV. No. 11-927 WPJ/ACT

CORRECTIONAL MEDICAL
SERVICES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Correctional Medical Services, Inc.'s ("CMS" or "Defendant") Motion to Compel Discovery, Brief in Support of Motion to Compel Discovery and Declaration filed February 17, 2012 [Doc. 56, 57 and 58], and Plaintiff Stuart A. Sarshik's Response filed March 2, 2012 [Doc. 59]. CMS requests that the Court require Plaintiff to sit for further deposition and respond to all questions relating to his employment with and separation from Thomas Jefferson Hospital and to also produce a copy of his separation agreement. [Doc. 56 at p.4]

Background

Plaintiff asserts five claims against CMS in this case: the tort of wrongful discharge; a claim under the New Mexico Whistleblower Protection Act, NMSA 1978, § 10-16C; a claim for prima facie tort; breach of contract; and intentional infliction of emotional distress. He seeks damages for these claims including backpay, frontpay and compensatory damages, including emotional distress and loss or diminution of reputation from termination.[1]

---

[1] Plaintiff's Answer to Interrogatory No. 11. [Doc. 55-1, p. 15.]

1

After he was terminated by CMS, Plaintiff was employed at Thomas Jefferson Hospital from approximately July 1, 2011 through December 15, 2011. [Doc. 57 at p. 2.]   When Plaintiff gave his deposition on January 12, 2012, his counsel instructed him not to answer any questions concerning his employment and separation with Thomas Jefferson Hospital.  Plaintiff's counsel represented at the deposition that Plaintiff's separation from Thomas Jefferson Hospital was covered by a confidentiality agreement and further "could not bear any relevance or possibly lead to discoverable information." [Doc. 57-2 at Ex. B.] During a break in the deposition, the parties' counsel contacted the Undersigned and explained their respective positions.  The Undersigned ruled that the information at issue was indeed relevant to Plaintiff's claims but the Court was concerned about the confidentiality provision. [Doc. 57 at p.3.] The Undersigned instructed Plaintiff's counsel to ascertain if the hospital would agree to waive the confidentiality agreement for purposes of this case. [*Id.* at p.4.; Doc. 59 at p. 3.] Plaintiff's counsel later advised CMS's counsel that the hospital would not waive the confidentiality order. [*Id.* and Doc. 59-1.]

Plaintiff argues that he is "legally barred" from disclosing the requested information stating that requiring him to do so would cause him to "violate the terms of his agreement with the Hospital [and] would expose him to legal action and potential liability." [Doc. 59 at p. 1.][2] He also argues that the information sought is not relevant to his case and "incorporates by reference. . . his Motion [to] Quash Subpoenas and Motion for Entry of Protective Order." [Doc. 59 at p. 2 referencing Doc. 53.]

---

[2]This argument is not only disingenuous but borders on a violation of Fed.R.Civ.P. 11. Although this information was not conveyed to the Court during the telephonic hearing, Plaintiff's counsel stated at the deposition that the agreement Plaintiff reached when he severed his employment with Thomas Jefferson Hospital included a confidentiality provision to which he was contractually bound "in the absence of a court order." [Doc. 57-2, p.6, l. 3-6.] This was later confirmed by Plaintiff's counsel at the request of the Court. [Doc. 64.] Therefore, counsel knew at the time he raised the objections and argued to the Court during Plaintiff's deposition and when he filed his response to this motion that Plaintiff could be relieved of any potential repercussions regarding his confidentiality obligations if the disclosure was pursuant to Court order.

<u>Discussion</u>

As discussed by the Undersigned in its Memorandum Opinion and Order denying Plaintiff's Motion to Quash Subpoenas and Motion for Entry of Protective Order [Doc. 66], Plaintiff's counsel's arguments regarding the relevance of the information requested in CMS's Motion to Compel is simply wrong. Plaintiff has placed his employment history, earnings, professional credentials and reputation directly at issue in this case by the nature of his claims. The requested separation agreement and the questions posed to Plaintiff at his deposition are all relevant to his claims and damages.

Defendant Correctional Medical Services, Inc.'s Motion to Compel Discovery [Doc. 56] is hereby GRANTED. Plaintiff must appear for further questioning at a deposition and respond to all questions relating to his employment with Thomas Jefferson Hospital, any complaints made about Plaintiff during his employment with Thomas Jefferson Hospital, the decision not to renew Plaintiff's contract with that hospital and/or to terminate Plaintiff's employment, and any compensation he received, including but not limited to benefits in connection with his employment and/or separation; and to also produce a copy of his separation agreement.

IT IS SO ORDERED.

_____
Alan C. Torgerson
United States Magistrate Judge